UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN PERRY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-157 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS**
**CASE FOR FAILURE TO PROSECUTE**

Petitioner filed this prisoner habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 17, 2019. The U.S. District Clerk notified Petitioner his pleading was deficient for failure to pay the filing fee or, alternatively, for failing to file an application to proceed *in forma pauperis*. (D.E. 4). Petitioner was directed to either pay the filing fee or to file a certified copy of his inmate trust fund statement with his application. Petitioner was directed to comply by June 20, 2019, and was notified that failure to comply may result in his case being dismissed for want of prosecution. Fed. R. Civ. P. 41(b). Petitioner did not comply but was given an extension to comply until July 3, 2019. (D.E. 7).

On June 27, 2019, the undersigned entered a third Notice of Deficiency and ordered Petitioner to either pay the $5.00 filing fee or submit an IFP application along with a copy of his trust fund statement no later than July 22, 2019. (D.E. 9). Petitioner

was again notified that failure to comply may result in dismissal for want of prosecution. Fed. R. Civ. P. 41(b). Further, on July 18, 2019, Petitioner was again warned his case could be dismissed for want of prosecution if he failed to comply on or before July 22, 2019. (D.E. 12). To date, Petitioner has failed to comply.

Therefore, it is respectfully recommended that Petitioner's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b). *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED this 23rd day of July, 2019.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).