United States District Court
Southern District of Texas
**ENTERED**
September 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN PERRY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-157 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Michael Dean Perry (1838827) is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, TX. Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on May 27, 2019, challenging a disciplinary proceeding conviction for threatening to harm a corrections officer, creating a disturbance and refusing an order which resulted in commissary, visitation, telephone and recreation restrictions, modifications to his line class status, and the loss of 30 previously earned good-time days. (D.E. 1, Page 5 and D.E. 1-2).

In his petition, Petitioner acknowledges he is not eligible for mandatory supervision as he is serving enhanced sentences of 60 years' imprisonment for aggravated assault with a deadly weapon and assault family violence with prior family violence. (D.E. 5, Pages 2 and 5); Tex. Gov't Code Ann. §508.149 (a)(7) (stating an inmate may not be released to mandatory supervision if the inmate has been previously convicted of a

first degree felony or a second degree felony of aggravated assault under Section 22.02, Penal Code (Aggravated Assault)); *State of Texas v. Perry*, No. 42-139-A, 188th Dist. Ct., Gregg County, Tex. Feb. 28, 2013) (Judgment) (Aggravated Assault). Therefore, on August 9, 2019, the undersigned ordered Petitioner to show cause why his petition should not be dismissed on or before August 28, 2019. (D.E. 19). Petitioner then requested an additional thirty days to file a response to the Order to Show Cause, which was denied on August 19, 2019. (D.E. 24). On August 30, 2019, Petitioner filed objections to the undersigned's August 19, 2019 Order, as well as several of the undersigned's Orders in Petitioner's dismissed prisoner civil rights action (Case No. 19-cv-137) but he has failed to file a response to the Order Show Cause. (D.E. 25).

Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4. This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

Federal habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Relief shall not extend to a prisoner unless he is

"in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson* 507 U.S. 619, 633-34 (1993). In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence. The loss of good-time credits does not support a constitutional claim if the inmate is not eligible for mandatory supervision and therefore, such an inmate would not have a claim for federal habeas relief. *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Further, phone privileges, recreation limitations and adjustments to a prisoner's classification also do not implicate due process. *Madison*, 104 F.3d at 768; *see also Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000).

In this case, Petitioner is not eligible for mandatory supervision. Therefore, Petitioner has failed to state any grounds for federal habeas relief. To the extent Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id.* As such, sanctions imposed on Petitioner, including a

reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit). Therefore, it is respectfully recommended that Petitioner's application for habeas corpus relief be **DISMISSED**.

It is further recommended that a Certificate of Appealability be **DENIED** as reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ORDERED this 4th day of September, 2019.

                                                              _____
                                                                 Jason B. Libby
                                                       United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).