UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN PERRY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-157 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the initial screening of the above-captioned habeas corpus action. On September 4, 2019, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 26), recommending that Petitioner's action be dismissed, and that a Certificate of Appealability be denied. Petitioner did not timely file objections directed to the M&R. However, he did file complaints that touch upon the issues in the M&R in the course of stating Objections (D.E. 28) directed to procedural rulings pre-dating the M&R. The Court considers those Objections, only to the extent they are relevant to the M&R.

The basis of the M&R's recommendation of dismissal is that Petitioner is not eligible for mandatory supervision and none of the punishments he received in the order on his disciplinary case implicate a liberty interest protected by the due process clause of the United States Constitution. Therefore, this action fails to state a claim upon which relief may be granted.

First, Petitioner objects that he has not had sufficient time to research this issue in the prison law library. However, he admits that he has been aware of the issue since receiving the show cause order on August 12, 2019. D.E. 28, p. 1. He complains that he has been too busy with other litigation to adequately research this issue and "reserves the right to file an amended response to the Order to Show Cause at a later date." D.E. 28, p. 4.

By the time Petitioner filed this explanation, he had had six weeks to research what is a well-settled matter of law: that a Texas inmate who is not eligible for mandatory supervision does not have a liberty interest in good time credits to support a habeas action when those credits are lost in a disciplinary case. Neither do any of the other lost privileges support habeas relief, as set out in the M&R. The Court OVERRULES the first objection.

Second, Petitioner cites the dissenting opinions in *Sandin v. Conner*, 515 U.S. 472 (1995), for the proposition that a deprivation of a liberty interest supported a due process claim. In that case, the majority decision held that administrative segregation as a disciplinary matter did not implicate a liberty interest to support application of the Due Process Clause. *Id*. at 487. While the dissenting opinions that Petitioner relies on disagreed, his case does not involve a lengthy administrative segregation punishment. That holding is irrelevant.

Moreover, while the *Sandin* case discusses due process rights in the context of the loss of good time credits under Nebraska law, the Nebraska law differs from Texas law. *Id*. at 477-80 (discussing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Under the Texas

statute, inmates not eligible for release to mandatory supervision do not have a liberty interest in good time credits. *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002); *Madison v. Parker,* 104 F.3d 765, 769 (5th Cir. 1997) (distinguishing *Wolff* and remanding for a determination whether the inmate was eligible for mandatory release). Because Petitioner has admitted that he is not eligible for release to mandatory supervision, he has no liberty interest in his good time credits and, thus, no right to complain of a deprivation of due process in the disciplinary proceeding. Petitioner's second objection is OVERRULED.

Third, Petitioner claims that issues regarding mandatory supervision are not dispositive because the gravamen of his complaint is his assertion of actual innocence and complaint that the evidence used against him was fabricated. D.E. 28, p. 7. Actual innocence and newly discovered exculpatory evidence may trigger due process complaints regarding a criminal conviction that results in the imposition of a sentence of incarceration, depriving the defendant of his liberty as a free man. But it does not trigger due process rights in connection with a disciplinary proceeding that does not implicate a liberty interest. *E.g., Shields v. Thaler*, No. 2:12-CV-00319, 2013 WL 1948121, at *1 (S.D. Tex. May 9, 2013).

Petitioner cannot assert the violation of due process rights without first establishing that a liberty interest has been infringed. Because he is not eligible for release to mandatory supervision, his punishments do not implicate the necessary liberty interest. For that reason, his claim of actual innocence and other due process claims are not cognizable in this action. The Court OVERRULES Petitioner's third objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Petitioner's Petition for a Writ of Habeas Corpus (D.E. 1) is **DISMISSED WITH PREJUDICE**. In the event that Petitioner seeks a Certificate of Appealability, that request is **DENIED**.

ORDERED this 18th day of October, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE